**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **COREY CROCKETT #352962,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-00746** |
| | ) | **JUDGE TRAUGER** |
| **CORE CIVIC, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Corey Crockett, an inmate of the Metro-Davidson County Detention Facility in Nashville, Tennessee, has filed a pro se civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) The matter is before the court for a ruling on the plaintiff's application to proceed in forma pauperis ("IFP"). (ECF No. 2.) In addition, the complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (ECF No. 2) to proceed IFP in this matter.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and

to pay the remainder in installments.  Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the administrator of the Metro-Davidson County Detention Facility to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee.  If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for

continued compliance with this order.

## II.    INITIAL REVIEW

### A.  Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed in forma pauperis and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.  In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

## B. Factual Allegations

The plaintiff alleges that on October 22, 2016, an Officer Davis in the detention facility assaulted him by stepping back and kicking his arm after the plaintiff refused to remove his arm from the pie flap of his cell door as he complained about his meal. (ECF No. 1, at 5.) He alleges that the incident left him with a bruise on his arm, but that his request for medical attention to document the injury was ignored, and that the investigation into the incident falsely concluded that medical staff had "cleared" the plaintiff of any injury. (*Id.* at 5, 7.)

The plaintiff also alleges that on three separate occasions, including once on January 20, 2017, he has been placed on a 7-day diet of cold sack lunches and finger food served on Styrofoam trays as a consequence of his using hard trays to bang on his cell door. (*Id.* at 9.) He acknowledges that he bangs on the door with hard trays (ECF No. 6, at 3), but claims the substitute meals – typically consisting of two sandwiches, a piece of cake and some chips – constitute "inadequate nutrition" and that "3 cold meals night and day for (7) days clearly states a claim in the law books." (ECF No. 1, at 9.) Additionally, the plaintiff alleges that he has been threatened by the facility's warden, and that he has been punished numerous times with lost showers and recreation times prior to being found guilty of disciplinary offenses. (*Id.* at 8.) He alleges that facility nurses violate the confidentiality of their inmate patients by discussing their conditions at their cell doors within earshot of others in the pod. (*Id.*)

## C. Analysis

An Eighth Amendment[1] excessive force claim has both a subjective and objective

---

[1] It is not entirely clear whether the plaintiff is a convicted inmate or a pretrial detainee, but it appears from his inmate trust account statement that he has been continuously confined since at least 2011. (ECF No. 7, at 2.) The court therefore presumes that he is a convicted inmate. But even if the plaintiff were a detainee, that fact would not change the outcome of the court's analysis, because "[a]lthough the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well." *Miller*

component. *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). To determine whether the subjective component is met, the question is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Considerations relevant to this subjective component may include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Williams*, 631 F.3d at 383 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). The objective component asks whether the pain inflicted was "sufficiently serious." *Williams*, 631 F.3d at 383 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component is met when force is used maliciously and sadistically to cause harm whether or not significant injury is evident. *Williams*, 631 F.3d at 383 (citing *Wilson*, 501 U.S. at 289); *see also Wilkins*, 559 U.S. at 34.

It is apparent from the complaint that the plaintiff did not suffer more than a de minimis injury as a result of the alleged assault. The Supreme Court has clarified, however, that an inmate is not required to establish that he suffered from a significant injury requiring medical attention, or any other "arbitrary quantity of injury," to satisfy the objective prong of an Eighth Amendment excessive force claim. *Wilkins*, 559 U.S. at 39. The extent of an inmate's injury is but one factor to consider in determining the reasonableness of the force exercised, and any use of force "of a sort repugnant to the conscience of mankind" may be prohibited by the Eight Amendment. *Id.* at 37–38. The "'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or

---

*v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). In fact, the Supreme Court has held that pretrial detainees have a lower burden than convicted inmates in excessive force cases: "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472–73 (2015).

restore discipline, or maliciously and sadistically to cause harm.'" *Id.* at 37 (quoting *Hudson*, 503 U.S. at 7). "Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Id.* at 38. For the purposes of initial review, the court finds that the plaintiff has stated a nonfrivolous claim for excessive force against Defendant Davis that requires further development to determine whether Davis's actions were reasonable in light of the circumstances and the applicable standard.

The plaintiff's complaints about the alleged mishandling of the institutional investigation into the incident, however, do not state a claim for any violation of his constitutional rights. "There is no federal right to an investigation (and thus no federal claim arises where the investigation is inadequate)." *Gresham v. Granholm*, No. 2:09-CV-231, 2010 WL 104700, at *3 (W.D. Mich. Jan. 7, 2010) (dismissing inmate's § 1983 claim for refusing to investigate alleged assault by staff) (citing *Poe v. Haydon*, 853 F.2d 418, 427-428 (6th Cir.1988)).

The Eighth Amendment also requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison

confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 454–55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)).  Therefore, to establish an Eighth Amendment violation, a plaintiff must make an objective showing of the deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes*, 452 U.S. at 347); *see also Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000) (citing Farmer, 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.").  For Eighth Amendment purposes, adequate food is characterized as "'well-balanced meal[s], containing sufficient nutritional value to preserve health.'" *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986) (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir.1977)) (footnote omitted).

The plaintiff has not alleged that his caloric intake during the brief periods of his food restriction is insufficient to sustain health or that he has sustained any injury, i.e. illness or significant weight loss, as a result of the food he is served.  He acknowledges that he continues to receive three meals a day.  The fact that he finds those meals to be unappealing or nutritionally imperfect does not establish that they pose an uncivilized or intolerable condition.  Cold meals may be unpleasant, but complaints about the preparation or quality of prison food are generally "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977).  Moreover, "cold food apparently is an ordinary incident in prison life." *Thaddeus-X v. Blatter*, 175 F.3d 378, 404 (6th Cir. 1999) (Surheinrich, J., dissenting). Accordingly, the plaintiff's allegations about cold meals do not establish an Eighth Amendment violation.

The plaintiff's vague allegations about punitive loss of shower and recreation privileges prior to disciplinary convictions do not include material facts such as dates, circumstances or parties responsible.  Moreover, in the absence of any allegation that they persist for extended

periods or to the point of affecting the plaintiff's health, those minor deprivations do not amount to constitutional violations regardless of whether they precede or follow a disciplinary hearing. In the prison context, protected liberty interests are limited to freedom from conditions that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An occasional missed shower or recreation period clearly does not rise to that level.

The court notes that the plaintiff's complaints about his cold meals and pre-hearing restrictions rely to some extent on alleged violations of or contradictions within institutional policies. But "the failure to follow a prison policy does not amount to a constitutional violation." *Miles v. Antonini*, No. 04-CV-74147, 2006 WL 1522616, at *2 (E.D. Mich. May 30, 2006); *see also Barhite v. Brown*, No. 1:14-CV-218, 2014 WL 2918550, at *16 (W.D. Mich. June 26, 2014) ("a violation of prison policy does not give rise to a claim in itself"); *Wiley v. Kentucky Dep't of Corr.*, No. CIV.A. 11-97-HRW, 2012 WL 5878678, at *12 (E.D. Ky. Nov. 21, 2012) ("While the violation of a prison policy may constitute negligence in some cases, it does not amount to a constitutional violation.").

Also, harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Eighth Amendment. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004) (affirming dismissal for failure to state a claim where plaintiff's allegations included continuous insulting remarks by guard); *see also Morrison v. Greenwald*, No. 3:09-CV-009, 2010 WL 1253962, at *9 (S.D. Ohio Feb. 24, 2010) report and recommendation adopted, No. 3-:09-CV-009, 2010 WL 1253958 (S.D. Ohio Mar. 23, 2010) ("The  Constitution does not protect inmates (or anyone else) from gross insults by public officials, including prison guards. Furthermore, Plaintiff suffered no injury from the insult."). Even a guard's verbal threat of

assault does not violate a prisoner's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Accordingly, the plaintiff's allegations about being threatened with "physical consequences" by the warden do not state a claim under § 1983.

With regard to the alleged violations of patient confidentiality, the plaintiff does not say that he personally has been the victim of such a breach, and he may not bring claims on behalf of a third party. *Corn v. Sparkman*, No. 95-5494, 1996 WL 185753 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners.... A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.") Even if the plaintiff were to allege that he had been personally affected, he does not cite any particular constitutional right implicated by these circumstances and would not have a colorable federal cause of action in connection with any alleged violation of the Health Insurance Portability and Accountability Act (HIPAA). Federal "[c]ourts have repeatedly held that HIPAA does not create a private right" and "cannot be privately enforced . . . via § 1983." *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 138–39 (8th Cir. 2009) (collecting cases); *accord Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."). The alleged breaches of patient confidentiality therefore do not state a claim.

Finally, having failed to establish that the only actionable claim in his complaint – the alleged assault by Defendant Davis – arose from a corporate policy or that Defendant Hininger was personally involved in that violation, the plaintiff has failed to state a claim against either Core Civic or Hininger. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a defendant's personal involvement in the deprivation of constitutional rights is required to establish liability under § 1983); *Thomas v. Coble*, 55 Fed.Appx. 748, 748–49 (6th Cir. 2003)

(holding that in order for prison management corporation to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official corporate policy or custom).

### III.    CONCLUSION

With the exception of the claim against Defendant Davis for excessive force, all defendants and claims set forth in the plaintiff's complaint are **DISMISSED** for failure to state a claim for which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk is **INSTRUCTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for Defendant Davis.  The plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **21 days** of the date of this order.  Upon return of the completed service packet, **PROCESS SHALL ISSUE**.  The plaintiff is warned that process cannot be served upon an unidentified defendant.  The plaintiff is put on notice of his obligation to conduct a reasonable investigation to determine the full name of the defendant, and to file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify this defendant by name.  The plaintiff is further warned that the failure to return the completed service packet within the time required could jeopardize prosecution of this action, but he may request additional time for complying with this order if necessary.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.  Despite the issuance of process, the Magistrate Judge may sua sponte recommend the dismissal of any claim for the reasons set forth in 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

ENTER this 5th day of September 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE